UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRIAN CARTER,
    Plaintiff,

vs.                                                               06-1071

GREGORY HUNZIKER,
    Defendant.

ORDER

    This cause is before the court on plaintiff's motion to proceed in forma pauperis on appeal [d/e 22]

    Under 28 U.S.C. § 1915(a)(3), the district court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v Clinton*, 209 F.3d 1025 (7th Cir. 2000).

    On November 22, 2006, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff has now submitted a brief which the court will consider.

    On April 27, 2006, the court conducted a merit review of the plaintiff's claims and found that the plaintiff had failed to state a claim upon which relief could be granted. His case was dismissed pursuant to 28 U.S.C. §1915A. The plaintiff had brought his lawsuit pursuant to 42 U.S.C.§1983 against the attorney who represented him in his criminal case. The plaintiff claimed his counsel was negligent in the performance of his duties. The case was dismissed because the alleged deprivation was not committed under color of state law as required by 42 U.S.C. §1983. Neither public defenders performing their "traditional functions as counsel to a defendant in a criminal proceeding" nor private attorneys act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

    The plaintiff's brief does not address this issue, but instead continues to argue that the defendant violated his constitutional rights. Therefore, the court cannot find a good faith basis for appeal. *See* Court Order of April 27, 2006. Accordingly, the court denies plaintiff's motions for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

    The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the

appellate fees of $455 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).  If the plaintiff wishes to contest this court's finding that the appeals are not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

IT IS THEREFORE ORDERED that:

1) The plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 22].

2) The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

3) The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.

Enter this _____day of March, 2007.

**s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE